

**U.S. Department of Justice**

United States Attorney
Northern District of Iowa

*111 Seventh Avenue SE*          *(319) 363-6333*
*Box 1*          *FAX (319) 363-1990*
*Cedar Rapids, Iowa 52401-2101*          *TTY (319) 286-9258*

November 30, 2020

John Bishop
222 Third Avenue SE, Suite 299
Cedar Rapids, Iowa 52401

    Re:   *United States v. Jared Daily*
           No. CR 20-73-CJW-MAR

Dear Mr. Bishop:

    This letter will serve as a memorandum of a FIRST AMENDED proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Jared Daily, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on December 14, 2020, unless otherwise extended or withdrawn by the government.

## CHARGES AND PENALTIES

    1. \_JD\_ Defendant will plead guilty to Count 3 of the Indictment filed on September 1, 2020. Count 3 charges defendant with accessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

    2. \_JD\_ Defendant understands that Count 3 of the Indictment is punishable by the following maximum penalties: (1) not more than 20 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of at least 5 years to life. Defendant also understands that, unless the Sentencing Court finds defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed under 18 U.S.C. § 3014. Defendant also understands that an additional mandatory special assessment of not more than $17,000 will be imposed under 18 U.S.C. § 2259A.



GOVERNMENT EXHIBIT
1
CR 20-73-CJW

3. JD  Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

4. JD  At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charge specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional charges under 18 U.S.C. §§ 2252 or 2252A based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. JD  Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

6. JD  Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

### NON-COOPERATION

7. JD  Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 3

Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

8. _JD_ By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

    _JD_ A. Between in or about February 2020 and June 2020, in the Northern District of Iowa and elsewhere, defendant knowingly distributed visual depictions of minors engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce, and said visual depictions having been transported in and affecting interstate and foreign commerce.

    _JD_ B. Between in or about January 2020 and June 2020, in the Northern District of Iowa and elsewhere, defendant knowingly received visual depictions of minors engaged in sexually explicit conduct, using a means and facility of interstate and foreign commerce, and said visual depictions having been transported in and affecting interstate and foreign commerce.

    _JD_ C. Between in or about January 2020 and June 2020, in the Northern District of Iowa and elsewhere, defendant knowingly accessed with intent to view visual depictions of minors engaged in sexually explicit conduct, including a depiction involving a prepubescent minor or a

        minor who had not attained 12 years of age, said visual depictions having been produced using materials that had previously been shipped and transported in and affecting interstate and foreign commerce, namely, a Samsung Galaxy Note 10 cell phone that had been manufactured outside the state of Iowa, and said visual depictions having been transported in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce.

        D. Defendant accessed child pornography using one or more cell phones, Kik Messenger, and Snapchat. He used Kik Messenger to distribute at least three videos and three images of child pornography. He used his Samsung Galaxy Note 10 cell phone to view at least two videos of child pornography. Defendant's child pornography included depictions of adult males penetrating prepubescent children and depictions of infants.

## SENTENCING PROVISIONS

9.     Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

10.     During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

11.     The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

        A. Pursuant to USSG §2G2.2(a)(1), the base offense level is **18**.

      JD B. A **two-level** upward adjustment is appropriate under USSG §2G2.2(b)(2), as the material involved prepubescent minors or minors who had not attained the age of 12 years.

      JD C. A **two-level** upward adjustment is appropriate under USSG §2G2.2(b)(3)(F), as defendant knowingly engaged in distribution of child pornography.

      JD D. A **four-level** upward adjustment is appropriate under USSG §2G2.2(b)(4), as the offense involved material that portrayed sadistic or masochistic conduct or the sexual abuse or exploitation of an infant or toddler.

      JD E. A **two-level** upward adjustment is appropriate under USSG §2G2.2(b)(6), as the offense involved the use of a computer.

      JD F. A **four-level** upward adjustment is appropriate under USSG §2G2.2(b)(7)(C), as the offense involved at least 300 images.

      JD G. The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea. However, the United States may withhold a motion under USSG §3E1.1(b) based on any interest identified in USSG §3E1.1 or the commentary thereto.

      JD H. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

      JD I. No other agreements have been reached, and the parties are free to litigate in the district court any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines, and any variances of any kind from the advisory guideline range, in any amount, in either direction.

    12. JD Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 6

the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

13. ＪＤ  The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

14. ＪＤ  Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

    A.     The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

    B.     The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

    C.     The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

15. ＪＤ  If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 7

## FINANCIAL MATTERS

16. JD   Defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue SE, Box 12, Cedar Rapids, Iowa 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court."

17. JD   Defendant agrees that defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense(s) to which defendant is pleading guilty pursuant to any applicable restitution statute. Defendant also agrees that, in return for the dismissal of charges, defendant will pay additional restitution for the full amount of the victims' losses to all victims of any offense(s) dismissed as a result of this plea agreement. For purposes of this paragraph, the terms "victim" and "full amount of the victims' losses" are defined in 18 U.S.C. § 2259. For purposes of this paragraph, the term "victim" includes both statutory victims and persons directly and proximately harmed as a result of the conduct outlined in this paragraph; defendant agrees to pay restitution to non-statutory victims pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant further understands the amount of loss sustained by each victim will be investigated during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant agrees that full restitution will be ordered regardless of defendant's financial resources. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

18. JD   Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 8

information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

19. \_JD\_ Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

20. \_JD\_ Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and property seized on July 8, 2020, and September 2, 2020. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

21. \_JD\_ By this agreement defendant not only agrees to forfeit all interests in the property referred to in the above paragraphs, but agrees to take whatever steps are necessary to convey any and all of defendant's right, title, and interest in such property to the United States. These steps include, but are not limited to, the surrender of title, the signing of a quit claim deed, the signing of a

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 9

consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing any other documents necessary to effectuate such transfers. Defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located. Defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those held or controlled by a nominee. Defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States before defendant's sentencing.

22. _JD_ Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

23. _JD_ Defendant agrees and understands that, should defendant fail to truthfully account for *all* of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

24. _JD_ Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

25. _JD_ If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 10

any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

26. JD____ Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 *et seq.* (the Speedy Trial Act) and related provisions.

27. JD____ Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## **WAIVER OF APPEAL**

28. JD____ After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2). Defendant also waives the right to appeal any non-jurisdictional issues, including but not limited to any issues relating to restitution. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2),

28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Defendant's waiver of the rights set out above includes defendant's waiver of the rights (1) to contest, facially or as applied, the constitutionality of the statute(s) under which defendant is pleading guilty, (2) to contest, facially or as applied, the constitutionality of the statute(s) or guidelines under which defendant will be sentenced, or (3) to argue that defendant's conduct does not fall within the scope of these statute(s) or guidelines. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement, or (2) if the sentence imposed exceeds the maximum statutory penalty. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

29. _JD_ Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

30. _JD_ Defendant acknowledges that a prior plea offer, dated October 16, 2020, has been rejected. Defendant agrees defendant was notified of the plea offer

and defendant had a full and complete opportunity to discuss this offer with defense counsel prior to its November 16, 2020, expiration date.

31. \_JD\_ Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

32. \_JD\_ Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

33. \_JD\_ Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine, imprisonment, or both.

## VERIFICATION

34. \_JD\_ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 13

the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

PETER E. DEEGAN, JR.
United States Attorney

By: *[signature]*

MARK TREMMEL
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Authorization to Release Credit Information
Abandonment Declaration
Consent to Proceed Before Magistrate Judge

John Bishop
November 30, 2020
*United States v. Jared Daily*
Page 14

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____ *Jared Daily* 1-4-2020
JARED DAILY                                Date
Defendant

_____ 1-4-20
JOHN BISHOP                                Date
Attorney for Defendant

_____ *Mark Tremmel* 1-7-21
MARK TREMMEL                               Date
Assistant United States Attorney